## In the Matter of the Petition to Set Aside the Election of Directors of AUTOMOTIVE MANUFACTURERS ASSOCIATION, INC.

Supreme Court, New York Special Term, March, 1923.

Corporations — rights of subscriber to stock — when director appointed by certificate of incorporation for first year cannot be removed during the period — by-laws — when election of directors set aside.

One who has neither paid his subscription nor received a certificate though not a stockholder of record may be entitled to enjoy all the privileges of a stockholder until his rights are forfeited under section 54 of the Stock Corporation Law.

One accepting an election as a director of a corporation assumes the office subject to the limitation of an existing by-law providing for the removal of directors.

Where, however, the certificate of incorporation appoints a director to serve for the first year, his office cannot be limited by a subsequent resolution or vote of the stockholders.

By the certificate of incorporation one of the petitioners was constituted director for the first year and the other petitioner was elected to be the successor of another director named in the certificate as a director for the first year.   Neither the certificate of incorporation nor the by-laws as originally adopted provided for the removal of directors.   Subsequently by a vote of the majority of the stock-

Supreme Court, March, 1923. [Vol. 120

holders the by-laws were amended so as to provide for the removal of a director by a vote of the stockholders at a special meeting. *Held*, that an application to set aside the election of directors in the places of petitioners, who were removed at a special meeting of the stockholders, will be granted.

PETITION to set aside election of directors.

*Leverett J. Luce*, for petitioners.

*E. Paul Yaselli*, for respondents.

TIERNEY, J. On the reargument of this application I believe that I was mistaken in basing my prior decision upon the ground that the subscribers to the stock of the corporation did not become stockholders until certificates were issued to them. The cases cited hold that the subscriber is estopped from avoiding his liability to third persons as a stockholder, but it is intimated that by a subscription the party acquires the rights of a stockholder (in addition to the right to have the certificate issued to him) in consideration of the assumption of liability. A party who has merely subscribed for stock and paid no subscription and received no certificate does not seem to constitute a stockholder of record, but it may be that he is entitled to enjoy all the privileges of a stockholder until his rights are forfeited under section 54 of the Stock Corporation Law. This requires a more careful consideration of the other features of this application. The petitioner Fullerton was constituted a director for the first year by the certificate of incorporation. The petitioner Luce was elected to be the successor of another director named in the certificate as a director for the first year. There is no provision in the certificate for the removal of directors, nor was there in the by-laws as originally adopted. Subsequently a majority of the subscribers to the stock, who may be regarded as a majority of the stockholders, adopted an amendment to the by-laws providing for the removal of a director by a vote of the stockholders at a special meeting. A special meeting of the stockholders removed the petitioners as directors and elected others in their places who thereupon removed the officers and elected others. I do not question that the stockholders of a corporation may adopt by-laws providing for the removal of directors, although the proposition is questioned as inconsistent with the policy of the law of vesting untrammeled authority in the directors. A director accepting an election with such a by-law in existence assumes his office subject to the limitation. But where the certificate of incorporation appoints a director to serve for the first year his office cannot be limited by a subsequent resolution or vote of the stockholders. This would amount, as it seems to me, to an amendment of the certificate of incorporation without com-

plying with the statutory requirements for such amendment. He has a vested right in the office that cannot be revoked or annulled except by the action of the court. A by-law that purports to so limit his office is inconsistent with the charter of the corporation. The motion for a reargument is granted, and on such reargument the original application is granted. Settle order on notice.

Ordered accordingly.