WILLIAM J. FOX, Plaintiff, *v.* EDWARD E. CODY and Others, Defendants.

Supreme Court, New York County, June 15, 1930.

*Burnstine & Geist* [*Henry C. Burnstine* and *Roy Plant* of counsel], for the plaintiff.

*Moses & Singer* [*Sam L. Cohen* and *Alfred W. Bressler* of counsel], for the defendants.

WALSH, J.  Plaintiff moves to restrain defendants from taking any proceeding to remove or interfere with him as a director of defendant corporation pending the determination of this action. The action is for a permanent injunction restraining defendants from removing or attempting to remove plaintiff as a director of defendant Bellas Hess Company, Inc.  The individual defendants constitute the board of directors of defendant corporation.  Plaintiff was elected a director of the corporation in 1929 for a term of three years.  At such time neither its certificate of incorporation

nor its by-laws contained any provision for the removal of directors. On May 5, 1931, its certificate of incorporation and its by-laws were duly amended by inserting therein a provision that any director in office or thereafter elected may be removed for cause at any annual or special meeting of the stockholders by a vote of at least two-thirds of the total number of shares entitled to vote, or by a vote of at least two-thirds of the board of directors, at any regular or special meeting. The amendment further provided that any action of the board of directors was not to become effective unless and until such action shall have been ratified by the vote of the holders of at least two-thirds of the capital stock of the corporation entitled to vote thereon at the annual or any special meeting of the stockholders called for that purpose. The above amendments also outlined the procedure with respect to such removal proceedings. In substance it is required that a statement of the charges shall be furnished to the director whose removal is proposed at least twenty days before same shall be considered at any meeting and that he shall be given reasonable opportunity to be heard before a vote is taken. Some time after the date of the amendments, charges of misconduct were made and filed against plaintiff. Due notification thereof was given him, such notification containing the further statement that reasonable opportunity would be given him to be heard. A special meeting of the board of directors has been called to pass upon these charges, and it is to prevent this hearing that this application is made.

Plaintiff concedes that the merit or lack of merit of the charges made is not here involved. His claim to the relief requested is based upon the ground that the defendant corporation, through its directors, stockholders or otherwise, is without power to remove him, whether for cause or without cause, during the period for which he was elected. This contention rests upon the premise that as there was no provision in the charter or by-laws of the corporation at the time of his election giving to the stockholders or directors the power to remove a director he has a vested right to the office to the end of his term, and, having such right, it may not be taken away from him by any subsequent action of the corporation. The rule doubtless is that in the absence of a provision in the charter or by-laws of a corporation that a director may be removed without cause, he may not be arbitrarily removed prior to the expiration of his term. With the contention that, even though cause exists there can be no removal, I am not in accord. The power of election of directors is inherent in a corporation. Having exercised this power and having fixed the period of time during which the directors shall act as such, the corporation may

not, unless it has reserved unto itself such power, arbitrarily remove a director prior to the expiration thereof; but where a director has been unfaithful to his trust, or has misconducted himself in such a manner as to render it necessary for the corporation to dispense with his services as a director, it has the inherent power of amotion. Removal may not be based on whim and caprice. Mistake or misunderstanding probably will not suffice. Substantial grounds showing breach of trust must be shown. The power of removal of directors inheres in every corporation. (Fletcher Priv. Corp. § 816.) In Corpus Juris (Corporations, vol. 14-a, p. 74) it is stated, citing cases, that the power of amotion is inherent in every private corporation as an incident to its being. In *Toledo Traction, Light & Power Co.* v. *Smith* (205 Fed. 643) the court said that the power to remove a director for cause inheres in every corporation. I have found no case in this State bearing directly upon this question. In *Matter of Korff* (198 App. Div. 553) the court, in setting aside the removal of the petitioner as an officer and director of a corporation, on the ground that the by-laws contained no provision warranting the removal of any officer or director, stated that without such provision there could be no removal without cause, thus impliedly indicating that in the event cause was established, the power to remove exists. (See, also, *People ex rel. Manice* v. *Powell*, 201 N. Y. 194, 202.) The cases cited by plaintiff are not to the contrary. In *Raub* v. *Gerken* (127 App. Div. 42) there was no provision in the articles of incorporation or in the by-laws adopted by the stockholders giving the directors the power to expel a fellow director. The directors thereafter amended the by-laws by conferring upon themselves such power of expulsion. It was held that as the directors had no original authority to expel, they had no power to confer such right upon themselves. In *Matter of Automotive Manufacturers Association, Inc.* (120 Misc. 405), the removal of directors was held to be invalid on the ground that as the directors had been elected pursuant to a provision in the certificate of incorporation for a fixed term and such certificate contained no provision for removal, a subsequent amendment of the by-laws without a like amendment of the certificate of incorporation was insufficient to confer such right of removal. As the stockholders of defendant corporation, irrespective of any amendment to their charter, had the power to remove a director for cause upon proper hearing, the fact that the amendment to the charter and by-laws delegated the power to remove to the board of directors is not an interference with the vested rights of plaintiff, for it is merely conferring upon others the right to do what the corporation itself previously had. At

any event, even under such amendments, the trial by the board of directors and their action thereon is not conclusive upon the plaintiff for their action does not become effective unless and until it has been confirmed by the stockholders. There is nothing shown to warrant plaintiff's contention that he will not have a fair trial. In the event that he is unlawfully removed, he is not deprived of the right to be reinstated by appropriate action to test the title to the office of director.

Motion for injunction is denied. Order signed.