GEORGE BOCKMAN et al., Individually and as Members of the AMERICAN INSTITUTE OF DECORATORS, Suing on Behalf of Themselves and All Other Members Similarly Situated, Respondents, *v.* AMERICAN INSTITUTE OF DECORATORS, Appellant.

First Department, April 14, 1959.

*Joseph J. Corn, Jr.,* of counsel (*Eisman, Lee, Corn, Sheftel & Bloch,* attorneys), for appellant.

*Jerrold M. Sonet* (*Levy & Sonet,* attorneys), for respondents.

*Per Curiam.* This is an appeal from the denial of the defendant's motion for summary judgment dismissing the complaint.

The individual plaintiffs, members of the defendant, American Institute of Decorators, in this action for a declaratory judgment seek a determination that a resolution regularly adopted by the defendant is illegal and violative of their rights as members, and that the defendant may not terminate their membership pursuant thereto.

The defendant, a national association of interior designers and decorators, has as its purpose the maintenance of a professional code of ethics, practices and standards.

As the result of a controversy between the New York chapter, of which the plaintiffs were members, and the national body, arising from certain trade practices adopted by the chapter but disapproved by the institute, the charter of the city chapter

was revoked and a new local chapter was organized. Shortly thereafter, the officers of the dechartered chapter changed its name to " National Society of Interior Decorators, Inc." and, as an independent organization, proceeded to expand throughout the country.

Upon these facts, the defendant concluded that the national society is a competing, hostile organization, whose aims, standards and purposes are incompatible with its own, and that dual membership would create an intolerable situation, detrimental to it. The defendant, American Institute, thereupon duly adopted a resolution authorizing its national board of governors to take disciplinary action to terminate the membership of those who, within a reasonable time after notice, fail to resign from the national society.

The resolution in question was adopted by the board of governors, without submission to the general membership, in accordance with the defendant's by-laws which confer that power on the board. It thus appears that the resolution was duly and regularly adopted upon findings and conclusions that are reasonable. Under the circumstances, no triable issue is presented.

No proceedings to discipline a member have as yet been instituted. In view of that fact, we are not called upon to determine, at this time, questions that may be raised if and when such proceedings are taken.

A membership corporation has the natural right of self-preservation and the inherent power to expel its members for disloyalty in joining or forming rival organizations. In *Polin* v. *Kaplan* (257 N. Y. 277, 282–283), the Court of Appeals said: " We think, also, that in every contract of association there inheres a term binding members to loyal support of the society in the attainment of its proper purposes, and that for a gross breach of this obligation the power of expulsion is impliedly conferred upon the association."

The order at Special Term should be reversed, on the law, with $20 costs and disbursements, and the motion for summary judgment dismissing the complaint should be granted.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and STEVENS, JJ., concur.

Order unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion for summary judgment dismissing the complaint granted, with $10 costs, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.