**10** MARTIN DUBIN, Respondent-Appellant, v NATHAN MUCHNICK et al., Appellants-Respondents. NATHAN MUCHNICK et al., Plaintiffs on Counter-claims and Appellants-Respondents, v POPI II FASHIONS, INC., et al., Defendants on Counterclaims and Respondents. — Order, Supreme Court, New York County (Lane, J.), entered May 1, 1981, granting and denying in part cross motions for preliminary injunctions, is unanimously modified, on the law and the facts, to the extent that the first decretal paragraph granting plaintiff's motion for a preliminary injunction in part is vacated, and plaintiff's motion for a preliminary injunction is denied, and the order is otherwise affirmed, without costs. In general we think the order appealed from makes a sensible disposition holding the matter in *status quo* until the facts can be fully explored at a trial. However, there are quite specific charges of breach by plaintiff of his fiduciary obligations as an officer of the corporation (Virgo), which raise a question as to whether plaintiff should be permitted to continue to exercise his control or veto power over the business of the corporation. (Cf. *Fells v Katz,* 256 NY 67, 72.) Special Term stated that "[p]laintiff of course has denied these activities." But the only denial contained in the record is a conclusory completely nonspecific, denial, not by plaintiff, but by his attorney, who cannot be presumed to have personal knowledge of the facts. Such a denial is insufficient to raise any issues of fact for the purpose of the motion for a preliminary injunction. Accordingly, on this record, plaintiff has not shown his entitlement to the extraordinary equitable relief of a preliminary injunction. We emphasize that we are dealing only with the motion for a preliminary injunction. We are not making any decisions as to the validity or invalidity of the supramajority voting provisions or of any actions that may be taken by the board of directors in violation of such supramajority voting provisions, nor are we holding that plaintiff is in fact guilty of wrongdoing. All of these are matters to be explored at the trial. Concur — Carro, J. P., Lupiano, Silverman and Asch, JJ. [108 Misc 2d 1042.]