Carl ECKHAUS, individually and derivatively on behalf of the Amica Apparel Corporation, Plaintiff,

v.

K.C. MA, K.Y. Ma, Martin Au, and Maran Corporation, Defendants.

No. 86 Civ. 4308 (EW).

United States District Court, S.D. New York.

June 11, 1986.

Snow, Becker, Kroll, Klaris & Krauss, P.C., New York City, (Paul C. Kurland, Lynda G. Jacobs, of counsel), for plaintiff.

Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City (David Wright, of counsel), for defendant Maran Corp.

Joel K. Dranove, New York City, for individual defendants.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Carl Eckhaus, a New York resident, commenced this action in New York Supreme Court against K.C. Ma, and K.Y. Ma, who are individuals residing in Hong Kong, Martin Au, a resident of New Jersey, and Maran Corporation, a California

874

corporation. Eckhaus sues individually and derivatively on behalf of Amica Apparel Corporation ("Amica"), a close corporation of which Eckhaus owns 35% of the shares, and Maran owns 65%. Maran is wholly owned by the Mas. The complaint alleges that in April 1986, Eckhaus was discharged from his position as president of Amica because he impeded the plans of the Mas and Au, the treasurer of Amica, to loot the assets of Amica for the benefit of Maran. The complaint seeks an accounting and damages for corporate waste and breach of fiduciary duty.

K.Y. Ma and Eckhaus are the only two members of the Board of Directors of Amica. On May 6, 1986, Eckhaus received notice of a meeting of the shareholders of Amica for the purpose of electing new directors to be held on July 15, 1986. Eckhaus concedes that the notification was proper under N.Y. Business Corp. Law § 603. Subsequently, on or about May 16, 1986, Eckhaus received notice of a special shareholders' meeting to consider his removal from the Board, to be held May 27, 1986. He moved ex parte in New York Supreme Court for a temporary restraining order enjoining the holding of this meeting, on the ground that notice was improper. The restraining order was granted on May 23, 1986; subsequent to the issuance of that order, defendants removed the action to this Court, on the basis of diversity of citizenship. Defendants move to dissolve the temporary restraining order. In addition to the affidavits and briefs submitted by the parties, the Court has considered the arguments of counsel, and now makes the following determination.

Upon its review of the entire record presented, the Court is satisfied that plaintiff has failed to demonstrate that he would suffer irreparable harm if the temporary restraining order is dissolved. The order enjoins defendants from proceeding with the shareholders' meeting, originally noticed for May 27, 1986, to consider his removal as a director of Amica. It is undisputed that subsequent to his discharge as president of Amica, plaintiff obtained an executive position with Jordache Corp., a garment manufacturer which competes directly with Amica. Eckhaus informed employees of Amica, and does not dispute before the Court, that he is "merchandiser" at Jordache, and supervises the activities of Jordache's clothing designers.[1]

It is a well-settled principle of New York law, which governs in the present action, that "a corporation possesses the inherent power to remove a member, officer or director for cause, regardless of a provision in the charter or by-laws providing for such removal."[2] Plaintiff's assumption of a managerial or executive position in a competing enterprise is sufficient cause for shareholders of Amica to object to his continuation on its Board. The merits of plaintiff's claims of corporate waste and breach of fiduciary duty, which are predicated on his status as shareholder, and for which his complaint seeks money damages, are not at issue on this motion. Plaintiff's remedies as a shareholder are not affected by the possibility of his removal as a director, and no showing has been made that plaintiff will be irreparably injured if he is removed from the Board now, rather than in one month's time, on July 15. Accordingly, the motion to dissolve the temporary restraining order is granted.

So ordered.

---

1. *See* Reply Affidavit of Martin Au, at 2 n. 2.

2. *Grace v. Grace Institute,* 19 N.Y.2d 307, 313, 279 N.Y.S.2d 721, 724, 226 N.E.2d 531, 533 (1967); *see also Dubin v. Muchnick,* 108 Misc.2d 1042, 438 N.Y.S.2d 920, 923 (N.Y.Co.1981), *aff'd,* 87 A.D.2d 508, 447 N.Y.S.2d 472 (1st Dept.1982);

*Bockman v. American Institute of Decorators,* 7 A.D.2d 495, 184 N.Y.S.2d 381 (1st Dept.), *aff'd,* 7 N.Y.2d 850, 196 N.Y.S.2d 988, 164 N.E.2d 862 (1959); *Fells v. Katz,* 256 N.Y. 67, 175 N.E. 516 (1931).