Carol MATZEL, Appellant,

v.

**STONECREST RANCH PROPERTY OWNERS' ASSOCIATION, Appellee.**

No. 14–08–00326–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 2010.

---

Keith S. Donati, Houston, for Appellant.

Brian Thomas Peel, David Kriewaldt, Jeffrey D. Roberts, Marc D. Markel, Houston, for Appellees.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Carol Matzel appeals from the trial court's orders granting summary judgment in favor of appellee Stonecrest Property Owners' Association. We affirm.

### I. Factual and Procedural Background

Carol Matzel was elected to serve on the board of directors of the Stonecrest Property Owners' Association (the Association) after being appointed to fill a vacancy. A Stonecrest property owner applied with the Association's architectural control committee (ACC) to rebuild a barn that was damaged by fire. Matzel was opposed to the application because she felt the proposed barn would negatively impact property values. The board, absent Matzel, moved to recommend the ACC approve the application and variance to rebuild the barn, which it did.

Matzel sought legal counsel. Her counsel sent a letter to the board, stating that Matzel and her husband believed the ACC had not followed its own guidelines in approving the application and variance, and the board had failed to require the ACC to act in accordance with the deed restrictions. Matzel disseminated the letter from her attorney to community members in attendance at a general meeting. The letter stated that the board "should consider this letter a demand that it immediately withdraw any approval granted the [barn owners] to construct any structure on their premises that would be in contravention of the Property Owners Association's Deed Restrictions." It also stated that Matzel and her husband were "prepared to seek all remedies at their disposal should the

[board] fail to carry out its duties and/or continue to conduct business as outlined above." Matzel's counsel suggested the board forward the letter to the Association's attorney, which it did. After consideration, the ACC did not change its decision.

According to Matzel's deposition testimony, neighbor Christine Ambrosio sent a mass email to members of the Stonecrest community about Matzel's disapproval of the board's actions and the "threat" of lawsuit from Matzel's lawyer. Ambrosio asked members to sign a petition calling for a special meeting for Matzel's removal from the board. A special meeting was called on June 5, 2006 for the purpose of discussing and voting on Matzel's removal. According to the meeting minutes, after Ambrosio addressed the members regarding why she initiated the petition, Matzel had an opportunity to speak. After discussion and questions, the members voted to remove Matzel.

Matzel then filed suit against the Association and Ambrosio.[1] In her petition, Matzel asserted claims for negligence, breach of fiduciary duty, tortious interference, and declaratory judgment against the Association, all stemming from the way in which the board handled her removal. Matzel contended the board did not follow the Association's bylaws and, therefore, her removal was improper. The Association filed a no-evidence motion for summary judgment and a traditional motion for summary judgment. After a hearing, the trial court granted both motions. Matzel filed a motion for rehearing, which the trial court denied. The trial court entered a final judgment and this appeal followed.

---

1. According to Matzel's brief, she settled with Ambrosio, and Ambrosio is not a party to this appeal.

## II. Analysis

■ The Association moved for summary judgment on both traditional and no-evidence grounds. *See* Tex.R. Civ. P. 166a(c), (i). To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to present evidence sufficient to raise a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). When we review a summary judgment, we take as true all evidence favorable to the non-movant; we also indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Grant*, 73 S.W.3d at 215.

■ In a no-evidence summary judgment motion, the movant must state the specific elements of a cause of action for which there is no evidence. Tex.R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact on the challenged elements. *See* Tex.R. Civ. P. 166a(i); *Grant*, 73 S.W.3d at 215. When, as here, the trial court does not specify the grounds it relied upon in granting the motions, we will affirm if any of the grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex.2000).

In a single issue, Matzel contends the trial court erred by granting summary judgment because a fact issue exists as to whether the Association found cause for Matzel's removal prior to removing her from the board. Specifically, Matzel argues no cause was found because the petition circulated by Ambrosio calling for the special meeting and the meeting minutes do not state a cause for her removal.

■ In its partial no-evidence motion for summary judgment, the Association argued Matzel could not establish any of the elements required to prevail on her negligence,[2] breach of fiduciary duty,[3] tortious interference,[4] and punitive damages[5] claims. In its traditional motion for summary judgment, the Association argued that it properly removed Matzel pursuant to the bylaws and, as a result, Matzel's

---

**2.** To prevail on a negligence claim, a party must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005).

**3.** To prevail on a breach of fiduciary duty claim, a party must establish a fiduciary relationship, breach of a fiduciary duty, and a resulting injury to the plaintiff or benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006, pet. denied).

**4.** While Matzel's original petition contains the heading "breach of fiduciary duty and tortious interference," she does not make plead a tortious interference claim in her petition, and she does not refer to such a claim in her response to the motions for summary judgment or on appeal.

**5.** Exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from fraud, malice, or gross negligence. Tex Civ. Prac. & Rem.Code Ann. 41.003(a)(1)-(3) (Vernon 2008).

claims for breach of fiduciary duty, negligence, tortious interference, and declaratory judgment failed. The Association offered as evidence of cause for Matzel's removal the letter from Matzel's attorney and Matzel's deposition testimony. Matzel filed one response to both motions, arguing that there must be a finding of cause prior to the removal and, in this case, there was no such finding because none was stated in the circulated petition or meeting minutes. She pointed to the bylaws, petition, and meeting minutes attached to the Association's traditional motion for summary judgment as evidence that there was no finding of cause for her removal, and she also attached the letter from her attorney and excerpts from her deposition testimony, contending she was not threatening to sue the board. In reply to the response to the no-evidence motion, the Association stated that there was no requirement to list the cause in the petition or meeting minutes and the reasons for Matzel's removal were discussed at the special meeting. In reply to the response to the traditional motion, the Association stated it removed Matzel because she was threatening to sue the Association and because she failed to follow the Association's governing documents.

According to the Association's "Declaration of Covenants, Conditions and Restrictions," the Association is a non-profit corporation.[6] Under the Texas Non–Profit Corporation Act, "[a] director may be removed from office pursuant to any procedure therefore provided in the articles of incorporation or by-laws." TEX.REV.CIV. STAT. ANN. art. 1396–2.15(D) (Vernon 2003).[7] In article II, section 5, the bylaws state, "Any elected Director may be removed from office for cause by a majority vote of Members entitled to vote at any annual or special meeting of the Association, duly called. Any appointed Director may be removed by the Developer for any reason." At the time of her removal, Matzel was an elected director. Therefore, she could only be removed from office for cause by a majority vote of the members entitled to vote at any annual or special meeting of the Association.

The bylaws do not state what constitutes cause for removing an elected director.[8] The Texas statute governing removal of directors of non-profit corporations does not define "cause" for removal. See TEX. BUS. ORGS.CODE ANN. §§ 22.001, 22.211 (Vernon Pamph. 2009).[9] Matzel cites to cases from other jurisdictions for what constitutes sufficient cause. Matzel con-

---

6. If a property owners' association is referenced in the existing, extended, added to, or modified restrictions as a Texas nonprofit corporation, the instrument contemplates the interaction of a nonprofit corporation, its articles of incorporation, and its bylaws. TEX. PROP.CODE ANN. § 204.009 (Vernon 2007). The "Declaration of Covenants, Conditions and Restrictions For Stonecrest Ranch" refers to Stonecrest Ranch Property Owners Association, Inc. as a nonprofit corporation. Although the document does not specifically state "Texas nonprofit corporation," the parties do not contend incorporation under any other state.

7. This article expired effective January 1, 2010. TEX.REV.CIV. STAT. ANN. art. 1396–11.02

(Vernon Supp. 2009). The corresponding section of the Business Organizations Code states: "A director of a corporation may be removed from office under any procedure provided by the certificate of formation or bylaws of the corporation." TEX. BUS. ORGS. CODE ANN. § 22.211(a) (Vernon Pamph. 2009).

8. Matzel does not contend the bylaws must define "cause" for an elected director to be removed for cause.

9. The corresponding article in the Texas Revised Civil Statutes did not define "cause" for removal either. See TEX.REV.CIV. STAT. ANN. art. 1396–1.02 (Vernon 2003) (expired January 1, 2010 pursuant to Tex.Rev.Civ. Stat. ann. art. 1396–11.02 (Vernon Supp. 2009)).

tends any conduct attributable to her does not rise to the level of cause found by these courts. *See Eckhaus v. Ma*, 635 F.Supp. 873, 874 (S.D.N.Y.1986) (taking a managerial or executive position in competing enterprise sufficient cause for removal); *Fells v. Katz*, 256 N.Y. 67, 175 N.E. 516, 517 (1931) (engaging in competing business sufficient cause for removal); *Petition of Korff*, 198 A.D. 553, 190 N.Y.S. 664, 668 (N.Y.App.Div.1921) (having financial difficulty in his own business, unrelated to corporation, not sufficient cause for removal); *Fox v. Cody*, 141 Misc. 552, 252 N.Y.S. 395, 397–98 (1930) (suggesting substantial grounds showing breach of trust must be shown).

■ Here, it is undisputed that Matzel retained an attorney who sent a letter to the Association's board of directors on which she sat demanding that it immediately withdraw any approval granting a variance. While the parties disputed below whether the letter threatened legal action, Matzel does not deny sending the letter and does not make the argument on appeal that only if the letter threatened legal action would the Association have cause to remove her. The letter stated Matzel and her husband were "prepared to seek all remedies at their disposal should the [board] fail to carry out its duties and/or continue to conduct business as outlined [in the letter]." The letter requested the board forward the communication to its attorney. Matzel also shared the letter with members of the community at a meeting. According to an affidavit by Angela Augustine, the board president at the time

she made the affidavit, after reviewing the letter from Matzel's attorney, it was the board's opinion that Matzel was "instigating the process of taking legal action against the Association" and the board had to incur legal expenses to respond. To the extent Matzel is arguing that sending a demand letter to the board on which she sat and causing the Association to incur legal expenses to respond is not sufficient cause for her removal, we find nothing in the bylaws or case law to support this contention.[10]

According to Matzel's deposition testimony, Ambrosio sent a mass email to community members about Matzel's disapproval of the board's actions and the "threat" of lawsuit from Matzel's lawyer. Ambrosio then circulated the petition to call a special meeting for Matzel's removal. A petition was signed by members of Stonecrest Ranch requesting the board call a special meeting to remove Matzel.[11] The petition stated: "This is a petition signed by the majority of members of Stonecrest Ranch, to have the Board of Directors call for a special meeting to remove Carol Matzel from the Board of Directors of Stonecrest Ranch, by a vote with the members in person or by proxy." The minutes from the special meeting indicate that the president announced the reason for the meeting. The sole purpose of the special meeting was to discuss and vote on Matzel's removal. The petition and the bylaws were read, including article II, section 5, which states that an elected director may be removed for cause.[12] Ambrosio was

---

10. Matzel has made no claim that the Association unlawfully retaliated against her for sending the demand letter.

11. The Association's bylaws state that special meetings may be called by the president, by a majority of the board of directors, or upon petition signed by a majority of members and presented to the secretary of the Association.

Matzel does not argue that the Association did not comply with the procedural requirements for holding a special meeting under the bylaws.

12. The record also includes a section of the bylaws entitled "Vacancies," which states, in part, that "Any officer may be removed for

asked to address why she initiated the petition for the special meeting, Matzel was asked to address the members, several members provided comments and asked questions, and the president called for a vote.[13] The vote was forty-five for removal and nine against removal. Matzel was then removed from the board.

The Association's bylaws do not require the proposed cause for removal to be stated in a circulated petition or meeting minutes. In fact, the petition was not necessary to call for a special meeting or to remove Matzel. The meeting minutes indicate Ambrosio was asked to address why she initiated the petition, Matzel was asked to address, and did address, the members prior to the vote, several members provided comments and asked questions, and then the vote was taken. Matzel did not present summary judgment evidence to raise a genuine issue of material fact that the Association had a duty to state the cause for her removal in the circulated petition or meeting minutes under the Association's bylaws or that the Association breached a duty owed to her to follow its bylaws by not stating the cause for her removal in the circulated petition or meeting minutes.

In addition, the Association argued in its no-evidence motion for summary judgment that Matzel did not have evidence that she suffered injury resulting from a breach. The Association also contended that Matzel could not maintain her breach of fiduciary duty claim because she did not have evidence that the Association's breach resulted in injury to her or benefit to the Association. While Matzel addressed these elements in her response to the motions, she has not challenged these grounds on appeal. The no-evidence motion for summary judgment could be affirmed on these grounds alone. *See FM Props. Operating Co.*, 22 S.W.3d at 872–73 ("When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious.").

Therefore, the trial court did not err in granting the no-evidence motion for summary judgment on her negligence and breach of fiduciary duty claims. Because the trial court correctly granted the no-evidence motion on Matzel's claims of negligence and breach of fiduciary duty, we need not address the trial court's order granting traditional summary judgment on those claims. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004).

Matzel does not specifically mention her declaratory judgment claim on appeal. Her original petition indicates Matzel sought a declaratory judgment that the board failed to articulate any "cause" for her removal and this was in direct contravention of the bylaws. The Association moved for traditional summary judgment on this claim, stating that (1) it had the right under the bylaws to remove a member of the board and (2) Matzel was properly removed from the board pursuant to the bylaws. Matzel's argument on appeal is that a fact issue exists because no cause was articulated in the petition or meeting minutes. For the reasons stated above,

---

cause at any time by vote of a majority of the total membership of the Board at a special meeting thereof." According to the special meeting minutes, this section was also read to those in attendance.

**13.** Matzel stated in her deposition that during the special meeting to discuss and vote on her removal, some residents in attendance asked what the cause was for the removal and the president of the board stated "conflict and because the membership wanted it."

the trial court did not err in granting the traditional motion for summary judgment on Matzel's declaratory judgment claim. Matzel does not challenge the granting of summary judgment on her request for punitive damages or on her tortious-interference claim. Matzel has waived any challenge to the trial court's ruling on these issues by failing to raise or brief them on appeal. *See* TEX.R.APP. P. 38.1.

Accordingly, we overrule Matzel's issue on appeal.

### III. Conclusion

The final judgment of the trial court is affirmed.