Affirmed and Opinion filed January 28, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00326-CV

___________________

 

Carol Matzel, Appellant

 

V.

 

Stonecrest Ranch Property Owners’ Association,
Appellee



 



 

On
Appeal from the County Court at Law #2

Montgomery County,
Texas



Trial Court Cause No. 06-08-07931-CV

 



 

 

O P I N I O N

Appellant Carol Matzel appeals from
the trial court’s orders granting summary judgment in favor of appellee
Stonecrest Property Owners’ Association.  We affirm.

I.  Factual and Procedural Background

Carol Matzel was
elected to serve on the board of directors of the Stonecrest Property Owners’
Association (the Association) after being appointed to fill a vacancy.  A
Stonecrest property owner applied with the Association’s architectural control
committee (ACC) to rebuild a barn that was damaged by fire.  Matzel was opposed
to the application because she felt the proposed barn would negatively impact property
values.  The board, absent Matzel, moved to recommend the ACC approve the application
and variance to rebuild the barn, which it did.  

Matzel sought legal counsel.  Her counsel sent a
letter to the board, stating that Matzel and her husband believed the ACC had
not followed its own guidelines in approving the application and variance, and
the board had failed to require the ACC to act in accordance with the deed
restrictions.  Matzel disseminated the letter from her attorney to community
members in attendance at a general meeting.  The letter stated that the board “should
consider this letter a demand that it immediately withdraw any approval granted
the [barn owners] to construct any structure on their premises that would be in
contravention of the Property Owners Association’s Deed Restrictions.”  It also
stated that Matzel and her husband were “prepared to seek all remedies at their
disposal should the [board] fail to carry out its duties and/or continue to
conduct business as outlined above.”  Matzel’s counsel suggested the board
forward the letter to the Association’s attorney, which it did.  After
consideration, the ACC did not change its decision.  

According to Matzel’s deposition testimony, neighbor
Christine Ambrosio sent a mass email to members of the Stonecrest community about
Matzel’s disapproval of the board’s actions and the “threat” of lawsuit from
Matzel’s lawyer.  Ambrosio asked members to sign a petition calling for a
special meeting for Matzel’s removal from the board.  A special meeting was
called on June 5, 2006 for the purpose of discussing and voting on Matzel’s
removal.  According to the meeting minutes, after Ambrosio addressed the
members regarding why she initiated the petition, Matzel had an opportunity to
speak.  After discussion and questions, the members voted to remove Matzel.

Matzel then filed suit against the Association and Ambrosio.[1]  In her petition,
Matzel asserted claims for negligence, breach of fiduciary duty, tortious
interference, and declaratory judgment against the Association, all stemming
from the way in which the board handled her removal.  Matzel contended the
board did not follow the Association’s bylaws and, therefore, her removal was
improper.  The Association filed a no-evidence motion for summary judgment and
a traditional motion for summary judgment.  After a hearing, the trial court
granted both motions.  Matzel filed a motion for rehearing, which the trial
court denied.  The trial court entered a final judgment and this appeal
followed.  

II.  Analysis

The Association moved for summary judgment on both
traditional and no-evidence grounds.  See Tex. R. Civ. P. 166a(c), (i).  To prevail on a traditional
motion for summary judgment, the movant must show that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  A defendant
moving for summary judgment must conclusively negate at least one essential
element of each of the plaintiff’s causes of action or conclusively establish
each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to present evidence sufficient to raise a genuine issue of material
fact.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 
When we review a summary judgment, we take as true all evidence favorable to
the non-movant; we also indulge every reasonable inference and resolve any
doubts in favor of the non-movant.  Grant, 73 S.W.3d at 215.

In a no-evidence summary judgment motion, the movant
must state the specific elements of a cause of action for which there is no
evidence.  Tex. R. Civ. P.
166a(i).  The trial court must grant the motion unless the nonmovant produces
summary judgment evidence that raises a genuine issue of material fact on the
challenged elements.  See Tex. R.
Civ. P. 166a(i); Grant, 73 S.W.3d at 215.  When, as here, the
trial court does not specify the grounds it relied upon in granting the motions,
we will affirm if any of the grounds are meritorious.  FM Props. Operating
Co. v. City of Austin, 22 S.W.3d 868, 872–73 (Tex. 2000).

In a single issue, Matzel contends the trial court
erred by granting summary judgment because a fact issue exists as to whether
the Association found cause for Matzel’s removal prior to removing her from the
board.  Specifically, Matzel argues no cause was found because the petition
circulated by Ambrosio calling for the special meeting and the meeting minutes
do not state a cause for her removal. 

In its partial no-evidence motion for summary
judgment, the Association argued Matzel could not establish any of the elements
required to prevail on her negligence,[2]
breach of fiduciary duty,[3]
tortious interference,[4]
and punitive damages[5]
claims.  In its traditional motion for summary judgment, the Association argued
that it properly removed Matzel pursuant to the bylaws and, as a result, Matzel’s
claims for breach of fiduciary duty, negligence, tortious interference, and
declaratory judgment failed.  The Association offered as evidence of cause for
Matzel’s removal the letter from Matzel’s attorney and Matzel’s deposition
testimony.  Matzel filed one response to both motions, arguing that there must
be a finding of cause prior to the removal and, in this case, there was no such
finding because none was stated in the circulated petition or meeting minutes. 
She pointed to the bylaws, petition, and meeting minutes attached to the
Association’s traditional motion for summary judgment as evidence that there
was no finding of cause for her removal, and she also attached the letter from
her attorney and excerpts from her deposition testimony, contending she was not
threatening to sue the board.  In reply to the response to the no-evidence
motion, the Association stated that there was no requirement to list the cause
in the petition or meeting minutes and the reasons for Matzel’s removal were
discussed at the special meeting.  In reply to the response to the traditional
motion, the Association stated it removed Matzel because she was threatening to
sue the Association and because she failed to follow the Association’s
governing documents. 

According to the Association’s “Declaration of
Covenants, Conditions and Restrictions,” the Association is a non-profit
corporation.[6] 
Under the Texas Non-Profit Corporation Act, “[a] director may be removed from
office pursuant to any procedure therefore provided in the articles of
incorporation or by-laws.”  Tex. Rev.
Civ. Stat. Ann. art. 1396-2.15(D) (Vernon 2003).[7]  In article II, section
5, the bylaws state, “Any elected Director may be removed from office for cause
by a majority vote of Members entitled to vote at any annual or special meeting
of the Association, duly called.  Any appointed Director may be removed by the
Developer for any reason.”  At the time of her removal, Matzel was an elected
director.  Therefore, she could only be removed from office for cause by a
majority vote of the members entitled to vote at any annual or special meeting
of the Association.  

The bylaws do not state what constitutes cause for
removing an elected director.[8] 
The Texas statute governing removal of directors of non-profit corporations
does not define “cause” for removal.  See Tex. Bus. Orgs. Code Ann. §§ 22.001, 22.211 (Vernon Pamph.
2009).[9] 
Matzel cites to cases from other jurisdictions for what constitutes sufficient
cause.  Matzel contends any conduct attributable to her does not rise to the
level of cause found by these courts.  See Eckhaus v. Ma, 635 F. Supp.
873, 874 (S.D.N.Y. 1986) (taking a managerial or executive position in
competing enterprise sufficient cause for removal); Fells v. Katz, 175
N.E. 516, 517 (N.Y. 1931) (engaging in competing business sufficient cause for
removal); Petition of Korff, 190 N.Y.S. 664, 668 (N.Y. App. Div. 1921) (having
financial difficulty in his own business, unrelated to corporation, not
sufficient cause for removal); Fox v. Cody, 252 N.Y.S. 395, 397-98 (N.Y.
Sup. Ct. 1930) (suggesting substantial grounds showing breach of trust must be
shown). 

Here, it is undisputed that Matzel retained an
attorney who sent a letter to the Association’s board of directors on which she
sat demanding that it immediately withdraw any approval granting a variance.  While
the parties disputed below whether the letter threatened legal action, Matzel
does not deny sending the letter and does not make the argument on appeal that
only if the letter threatened legal action would the Association have cause to
remove her.  The letter stated Matzel and her husband were “prepared to seek
all remedies at their disposal should the [board] fail to carry out its duties
and/or continue to conduct business as outlined [in the letter].”  The letter requested
the board forward the communication to its attorney.  Matzel also shared the
letter with members of the community at a meeting.  According to an affidavit
by Angela Augustine, the board president at the time she made the affidavit,
after reviewing the letter from Matzel’s attorney, it was the board’s opinion
that Matzel was “instigating the process of taking legal action against the
Association” and the board had to incur legal expenses to respond.  To the
extent Matzel is arguing that sending a demand letter to the board on which she
sat and causing the Association to incur legal expenses to respond is not
sufficient cause for her removal, we find nothing in the bylaws or case law to
support this contention.[10]


According to Matzel’s deposition testimony, Ambrosio
sent a mass email to community members about Matzel’s disapproval of the
board’s actions and the “threat” of lawsuit from Matzel’s lawyer.  Ambrosio
then circulated the petition to call a special meeting for Matzel’s removal.  A
petition was signed by members of Stonecrest Ranch requesting the board call a
special meeting to remove Matzel.[11] 
The petition stated:  “This is a petition signed by the majority of members of
Stonecrest Ranch, to have the Board of Directors call for a special meeting to
remove Carol Matzel from the Board of Directors of Stonecrest Ranch, by a vote
with the members in person or by proxy.”  The minutes from the special meeting indicate
that the president announced the reason for the meeting.  The sole purpose of
the special meeting was to discuss and vote on Matzel’s removal.  The petition and
the bylaws were read, including article II, section 5, which states that an
elected director may be removed for cause.[12] 
Ambrosio was asked to address why she initiated the petition for the special
meeting, Matzel was asked to address the members, several members provided
comments and asked questions, and the president called for a vote.[13]  The vote was
forty-five for removal and nine against removal.  Matzel was then removed from
the board.

The Association’s bylaws do not require the proposed
cause for removal to be stated in a circulated petition or meeting minutes.  In
fact, the petition was not necessary to call for a special meeting or to remove
Matzel.  The meeting minutes indicate Ambrosio was asked to address why she
initiated the petition, Matzel was asked to address, and did address, the
members prior to the vote, several members provided comments and asked
questions, and then the vote was taken.  Matzel did not present summary
judgment evidence to raise a genuine issue of material fact that the Association
had a duty to state the cause for her removal in the circulated petition or meeting
minutes under the Association’s bylaws or that the Association breached a duty
owed to her to follow its bylaws by not stating the cause for her removal in
the circulated petition or meeting minutes.  

In addition, the Association argued in its
no-evidence motion for summary judgment that Matzel did not have evidence that
she suffered injury resulting from a breach.  The Association also contended
that Matzel could not maintain her breach of fiduciary duty claim because she
did not have evidence that the Association’s breach resulted in injury to her
or benefit to the Association.  While Matzel addressed these elements in her
response to the motions, she has not challenged these grounds on appeal.  The
no-evidence motion for summary judgment could be affirmed on these grounds
alone.  See FM Props. Operating Co., 22 S.W.3d at 872–73 (“When a trial
court’s order granting summary judgment does not specify the grounds relied
upon, the reviewing court must affirm summary judgment if any of the summary
judgment grounds are meritorious.”).  

Therefore, the trial court did not err in granting
the no-evidence motion for summary judgment on her negligence and breach of
fiduciary duty claims.  Because the trial court correctly granted the
no-evidence motion on Matzel’s claims of negligence and breach of fiduciary
duty, we need not address the trial court’s order granting traditional summary
judgment on those claims.  See Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).  

Matzel does not specifically mention her declaratory
judgment claim on appeal.  Her original petition indicates Matzel sought a
declaratory judgment that the board failed to articulate any “cause” for her
removal and this was in direct contravention of the bylaws.  The Association
moved for traditional summary judgment on this claim, stating that (1) it had
the right under the bylaws to remove a member of the board and (2) Matzel was
properly removed from the board pursuant to the bylaws.  Matzel’s argument on
appeal is that a fact issue exists because no cause was articulated in the
petition or meeting minutes.  For the reasons stated above, the trial court did
not err in granting the traditional motion for summary judgment on Matzel’s
declaratory judgment claim.  Matzel does not challenge the granting of summary
judgment on her request for punitive damages or on her tortious-interference
claim.  Matzel has waived any challenge to the trial court’s ruling on these
issues by failing to raise or brief them on appeal.  See Tex. R. App. P. 38.1.  

Accordingly, we overrule Matzel’s issue on appeal.

III. Conclusion

 

The final judgment of the
trial court is affirmed. 

 

                                                            /s/         
 Leslie B. Yates

   Justice

 

Panel
consists of Justices Yates, Frost, and Brown.









[1] According to Matzel’s
brief, she settled with Ambrosio, and Ambrosio is not a party to this appeal.





[2]
To prevail on a
negligence claim, a party must establish the existence of a duty, a breach of
that duty, and damages proximately caused by the breach.  Western Invs.,
Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  

 





[3] To prevail on a breach of
fiduciary duty claim, a party must establish a fiduciary relationship, breach
of a fiduciary duty, and a resulting injury to the plaintiff or benefit to the
defendant.  Jones v. Blume, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet.
denied).  





[4] While Matzel’s original
petition contains the heading “breach of fiduciary duty and tortious
interference,” she does not make plead a tortious interference claim in her
petition, and she does not refer to such a claim in her response to the motions
for summary judgment or on appeal.





[5] Exemplary damages may be
awarded only if the claimant proves by clear and convincing evidence that the
harm with respect to which the claimant seeks recovery of exemplary damages
results from fraud, malice, or gross negligence.  Tex. Civ. Prac. & Rem. Code Ann. 41.003(a)(1)-(3) (Vernon
2008).  





[6] If a property owners’
association is referenced in the existing, extended, added to, or modified
restrictions as a Texas nonprofit corporation, the instrument contemplates the
interaction of a nonprofit corporation, its articles of incorporation, and its
bylaws.  Tex. Prop. Code Ann. § 204.009
(Vernon 2007).  The “Declaration of Covenants, Conditions and
Restrictions For Stonecrest Ranch” refers to Stonecrest Ranch Property Owners
Association, Inc. as a nonprofit corporation.  Although the document does not
specifically state “Texas nonprofit corporation,” the parties do not contend
incorporation under any other state.





[7] This article expired
effective January 1, 2010.  Tex. Rev.
Civ. Stat. Ann. art. 1396-11.02 (Vernon Supp. 2009).  The corresponding
section of the Business Organizations Code states:  “A director of a
corporation may be removed from office under any procedure provided by the
certificate of formation or bylaws of the corporation.”  Tex. Bus. Orgs. Code Ann. § 22.211(a)
(Vernon Pamph. 2009).





[8] Matzel does not contend
the bylaws must define “cause” for an elected director to be removed for cause.





[9] The corresponding article
in the Texas Revised Civil Statutes did not define “cause” for removal either. 
See Tex. Rev. Civ. Stat. Ann.
art. 1396-1.02 (Vernon 2003) (expired January 1, 2010 pursuant to Tex. Rev.
Civ. Stat. Ann. art. 1396-11.02 (Vernon Supp. 2009)).





[10] Matzel has made no claim
that the Association unlawfully retaliated against her for sending the demand
letter.





[11] The Association’s bylaws
state that special meetings may be called by the president, by a majority of
the board of directors, or upon petition signed by a majority of members and
presented to the secretary of the Association.  Matzel does not argue that the
Association did not comply with the procedural requirements for holding a
special meeting under the bylaws.





[12] The record also includes
a section of the bylaws entitled “Vacancies,” which states, in part, that “Any
officer may be removed for cause at any time by vote of a majority of the total
membership of the Board at a special meeting thereof.”  According to the
special meeting minutes, this section was also read to those in attendance.





[13] Matzel stated in her
deposition that during the special meeting to discuss and vote on her removal,
some residents in attendance asked what the cause was for the removal and the
president of the board stated “conflict and because the membership wanted it.”